UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
CTC REAL ESTATE SERVICES,    ) 1:06-CV-01278-AWI-SMS
                             )
            Plaintiff,       ) FINDINGS AND RECOMMENDATION TO
    v.                       ) GRANT DEFENDANT'S MOTION TO
                             ) REMAND (DOC. 5)
BILL FELTON, et al.,         )
                             )
            Defendants.      )
                             )
_____)
```

Defendants removed Plaintiff's action regarding taxes from the Merced County Superior Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's motion to remand the action. By previous order, the hearing on the motion was vacated, and the matter was deemed submitted on the pleadings.

I. <u>Magistrate Judge's Jurisdiction</u>

Title 28 U.S.C. § 636(b) provides in pertinent part:

(1) Notwithstanding any provision of law to the contrary--
    (A) a judge may designate a magistrate to hear
    and determine any pretrial matter pending before
    the court, except a motion for injunctive relief,
    for judgment on the pleadings, for summary judgment,
    to dismiss or quash an indictment or information
    made by the defendant, to suppress evidence in a
    criminal case, to dismiss or to permit maintenance

1

> of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
> (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Fed. R. Civ. P. 72 provides in pertinent part:

> (a) **Nondispositive Matters**. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.
>
> (b) **Dispositive Motions and Prisoner Petitions**. A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

The question presented is whether a motion to remand a proceeding to state court is a nondispositive motion that a magistrate judge can determine, or a dispositive motion that a

1  district judge must determine so that a magistrate judge may only
2  issue only findings and recommendations. Some of the circuit
3  courts of appeals have held that motions to remand are
4  dispositive, and thus a magistrate judge does not have
5  jurisdiction to determine such a motion. The reasoning is that
6  although such motions are not enumerated in § 636(b)(1)(A), they
7  nevertheless are functionally the equivalent of a motion for
8  involuntary dismissal because they determine that there will not
9  be a federal forum available to entertain a particular dispute.
10 <u>Vogel v. U.S. Office Products Co.</u>, 258 F.3d 509, 514-17 (6th Cir.
11 2001) (noting a lack of decisions from other circuits); <u>First
12 Union Mortgage Corp. v. Smith</u>, 229 F.3d 992, 994-97 (10th Cir.
13 2000); <u>In re U.S. Healthcare</u>, 159 F.3d 142, 145-46 (3d Cir.
14 1998). The Ninth Circuit has not taken a position on whether or
15 not a Magistrate Judge can rule on a motion to remand an action
16 to state court. Some district courts have taken the position that
17 a motion to remand is not dispositive and thus may be determined
18 by a magistrate judge. See <u>Bearden v. PNS Stores, Inc.</u>, 894 F.
19 Supp. 1418, 1419 n. 1 (D. Nev. 1995); <u>Wyatt v. Walt Disney World
20 Co.</u>, 1999 WL 33117255 (W.D.N.C. July 26, 1999) (collecting
21 cases).
22     The present motion involves a determination of the
23 availability of a federal forum. In an abundance of caution, the
24 Magistrate Judge will thus proceed by way of findings and
25 recommendations.
26     II. <u>The Motion to Remand</u>
27     Defendant United States removed this action on September 15,
28 2006. On September 21, 2006, Defendant United States moved to

3

remand the action on the ground that when it removed the case, it did not know that the action had previously been removed to this Court as Case No. 1:05-01259-OWW-DLB; further, Defendant United States and the parties had in that other federal proceeding entered into a dispositive stipulation, and on the basis of the stipulation, the action had been remanded to the Superior Court. The stipulation had impliedly dismissed the United States from the action. (Docs. 23 and 24, filed April 14, 2006.) Defendant states that it no longer believes that it has grounds for removal.

No party has filed any opposition to the motion to remand.

Title 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk to the clerk of the State court. The State court may thereupon proceed with the case.

Given the timeliness of the motion, the lack of opposition, and the concession that there are no grounds for removal of the action, remand should be granted.

III. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that Defendant's motion for remand BE GRANTED, the matter BE REMANDED to the Merced County Superior Court and that pursuant to § 1447(c), and the Clerk of the Court BE DIRECTED to mail to the clerk of the Merced County Superior Court a copy of the order of remand.

4

1      This report and recommendation is submitted to the United
2 States District Court Judge assigned to the case, pursuant to the
3 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
4 Local Rules of Practice for the United States District Court,
5 Eastern District of California. Within ten (10) <u>court</u> days after
6 being served with a copy, any party may file written objections
7 with the Court and serve a copy on all parties. Such a document
8 should be captioned "Objections to Magistrate Judge's Findings
9 and Recommendations." Replies to the objections shall be served
10 and filed within five (5) <u>court</u> days (plus three days if served
11 by mail) after service of the objections. The Court will then
12 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
13 (b)(1)(C). The parties are advised that failure to file
14 objections within the specified time may waive the right to
15 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
16 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 27, 2006**              /s/ **Sandra M. Snyder**
icido3                                 UNITED STATES MAGISTRATE JUDGE